Shauck, J.
Counsel, by bringing the arguments directly to the questions in difference, have rendered very material aid in the investigation of the case. The act of April 23, 1896, fixing the compensation of county officers in counties containing a city of the second grade of the first class was, by Vail, supposed to be constitutional, and he acted upon that belief throughout his second term. Later the circuit court of Cuyahoga county, following the decision of this court in the case of The State, ex rel. Guilbert, v. Yates, 66 Ohio St., 546, held the act to be unconstitutional. Thereupon Vail and his successors assuming the nullity of the act and the operative force of the general law relating to fees, concluded that the fees which had accrued, but had not been paid during the official term of Vail, should be paid to him, and that course was taken. No controversy exists respecting the proposition that an unconstitutional law is in legal contemplation inoperative as though it had not been passed. But on behalf of the plaintiff in error it is contended that this case comes within the recognized doctrine that parties may so conduct themselves with respect to the subject of unconstitutional legislation that they *406 are estopped thereafter to deny its binding character. Cases of that character are well recognized, and a number of them are collected in the briefs.
The cases all present, in some form or another, equitable grounds of election or estoppel. In the different briefs presented for plaintiff in error the grounds alleged in this case are variously stated to be election, estoppel, .acquiescence and waiver. The admission that this act was a legal nullity implies an admission that not only the fees now sued for, that is those which were collected after the act was declared a nullity, but those which Vail deposited with the county treasurer in excess of his salary during his second incumbency of the office, belonged to him. The adjudication that the act was unconstitutional only declared that that was its character. Its character had been fixed from the time it was enacted. These claims of counsel for the plaintiff mpst therefore be applied to a situation in which, according to the averment of the petition, Vail, after paying his clerks and deputies out of the fee fund of the county, was himself paid a salary of four thousand dollars per annum out of the fees collected and paid by him as clerk into said fee fund, that is, his salary was received out of moneys, which so far as any merit of the statute was concerned, were his own. This consideration, if borne in mind, shows that the case cannot be determined favorably to the plaintiff by the doctrine of election which involves a choice made, or the necessity of making a choice, between inconsistent rights and gifts. Nor can it be governed by the doctrine of estoppel which requires that the party by whom *407 it is asserted shall have sustained some detriment by reason of the conduct or representation of him against .whom the estoppel is invoked. The express averment of this petition shows that the county parted with nothing in consequence of Vail’s temporary recognition of the validity of the salary act. On the contrary, it has profited thereby to the extent of the excess of the fees collected by him during his second incumbency over the salary' received by him during that time. The county sustains no loss whatever by reason of Vail’s later assertion of the invalidity of the salary act, which, it is conceded; he might have insisted upon from the beginning.
Nor can any inference unfavorable to Vail be ■drawn from waiver or acquiescence. What he waived was his right to the costs above salary during his second incumbency and until the salary act was declared unconstitutional, and his acquiescence was in the receipt of such surplus fees during the same time by the county. The fees to which he thus waived his right thereby became blended with the funds .of. the public, but as to those which are the subject of controversy here the county occupies precisely the same position it would have occupied if the unconstitutional act had not been passed, or the defendant had challenged it immediately upon its passage. There appears to be no reason why the defendant should be deemed to have waived that which he did not waive or to have acquiesced in that in which he did not acquiesce. T , , ~ ,
, , Judgment affirmed.
Spear, C. J., Davis. Price, Johnson and Donahue, JJ., concur.